**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| HUBER BENITEZ-ALVARADO, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Civil No. 4:16-CV-1084-O |
| | § | (No. 4:14-CR-057-O-(01)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Huber Benitez-Alvarado ("Movant") filed, through counsel, a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. After considering his Section 2255 motion (ECF No. 1) and the government's response (ECF No. 5), the Court concludes that the Section 2255 motion should be dismissed with prejudice as time-barred.

## Applicable Background

Movant pleaded guilty to conspiracy to possess with the intent to distribute a controlled substance. *See United States v. Benitez-Alvarado*, 4:14-cr-057-O-(01) (N.D. Tex.), ECF No. 66. The Court sentenced him to 135 months in prison with three years of supervised release. *See id.*

The United States Court of Appeals for the Fifth Circuit affirmed Movant's judgment on August 25, 2015. *See United States v. Benitez-Alvarado*, 614 F. App'x 220 (5th Cir. 2015). Movant did not file a petition for a writ of certiorari. On November 28, 2016, Movant's counsel electronically filed this 28 U.S.C. § 2255 motion. *See* ECF No. 1 at 20 (certifying that the motion "was e-filed on the 28th day of November, 2016 "). The government responds that the Section 2255 motion is time-barred. *See* ECF No. 5 at 6-8. Movant did not file a reply.

-1-

**Statute of Limitations**

Movant's Section 2255 motion is time-barred. "[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Movant's statute of limitations began to run when his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).[1] Movant's conviction became final on November 23, 2015, when the ninety-day period for filing a certiorari petition expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Movant had one year from that date–or until November 23, 2016–to timely file his Section 2255 motion. His motion, filed on November 28, 2016, is time-barred

---

[1]Movant does not argue that his motion is timely under Sections 2255(f)(2), (3), or (4). And Movant notes that, under Section 2255(f)(1), his one-year statute of limitations expired on November 23, 2016. *See* ECF No. 1 at 10.

absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). To warrant equitable tolling, Movant must show that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because he has not met his burden to establish circumstances warranting equitable tolling, his motion is time-barred.

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

**Certificate of Appealability**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find

this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Movant elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

**Conclusion**

This Section 2255 action is **DISMISSED** as time-barred.

**SO ORDERED** this **7th day** of **November, 2017**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**